[S. F. No. 6477.    Department One.—January 28, 1915.]

## SAN JOAQUIN AND KINGS RIVER CANAL AND IRRIGATION COMPANY INCORPORATED (a Corporation), Appellant, v. FRESNO FLUME AND IRRIGATION COMPANY (a Corporation), Respondent.

WATER-RIGHT — PRIOR ADJUDICATION DETERMINING RIGHT TO FLOOD WATERS—SUBSEQUENT DIVERSION OF NATURAL FLOW OF STREAM.— In this action by the owner of the right to divert from the San Joaquin River, below the mouth of Stevinson Creek, a large quantity of the water naturally flowing in said river, to restrain the defendant from diverting from the natural flow of said creek, quantities of water which otherwise would have continued down the creek into said river and into plaintiff's canal, it is held that the judgment in the prior case of *San Joaquin etc. Co.* v. *Fresno Flume etc. Co.,* 158 Cal. 626, was not an adjudication of the right in the defendant, by means of the dam and reservoir previously constructed by it across Stevinson Creek, to take water from such reservoir, although such taking decreases the amount of water naturally flowing in the creek below the reservoir, and decreases the amount in the river so that the plaintiff cannot obtain therefrom the quantity to which it is entitled under that judgment. The right of the defendant, determined by such prior judgment, was limited to the flood waters of such creek, and such judgment was not a bar to a cause of action subsequently arising from another taking which diminished the natural flow of the waters of the creek.

APPEAL from a judgment of the Superior Court of Fresno County.    George E. Church, Judge.

The facts are stated in the opinion of the court.

Frank H. Short, and Edward F. Treadwell, for Appellant.

L. L. Cory, for Respondent.

At the close of the argument Shaw, J., delivered the opinion of the court, Sloss, J. and Lawlor, J. concurring:

The plaintiff appeals from a judgment against it, rendered upon an order sustaining a general demurrer to its complaint.

It appears from the allegations of the complaint that the defendant had built a dam across Stevinson Creek, a tributary of the San Joaquin River, and had by means of said dam impounded a large quantity of the water falling upon the

watershed tributary to said creek; that the plaintiff was the owner of the right to divert from said river, below the mouth of said creek, a large quantity of the water of the river; that theretofore plaintiff had brought suit against the defendant for an alleged diversion of water from said creek and that in that action it had been determined that plaintiff was entitled to said quantity of water of said river, and to that extent possessed the right to maintain the natural flow of said creek; that thereafter the defendant had diverted from said creek, of the natural flow thereof, quantities of water which otherwise would have continued down the creek into said river and into plaintiff's canal, whereby it had been deprived of the water of said creek and river to which it was entitled, to its damage, and that defendant threatened to continue such diversions. Judgment was asked for damages and for an injunction to prevent future diversions.

The record sets forth the complaint, answer, findings, and judgment in the former action. Said judgment was affirmed and the findings construed on appeal to this court. (See *San Joaquin etc. Co.* v. *Fresno Flume etc. Co.,* 158 Cal. 626, [35 L. R. A. (N. S.) 832, 112 Pac. 182].) It appears further that the defendant had built a dam at Stevinson meadows, across said creek by which it formed a large reservoir in which it collected and retained the waters coming from the watershed thereto during times of unusual flood and rains and melting snows, and that the diversions which the defendant made, both before and since the former judgment, were of water taken directly from this reservoir. It is claimed in support of the demurrer that the former judgment establishes the right of the defendant to take water from the reservoir, although such taking decreases the amount of water naturally flowing in the creek below the reservoir and decreases the amount in the river so that the plaintiff cannot obtain therefrom the quantity to which it is entitled under that judgment.

The opinion of the court is that this complaint alleges a taking of water from this reservoir which, in its effect, diminishes the flow in Stevinson Creek below the reservoir from which the water is taken, and that it further shows that that water, thus taken from the stream and from that reservoir, would, if not taken, naturally flow down the stream into the San Joaquin River and into the plaintiff's canal, and that plaintiff is thereby deprived of its rightful quantity. The

former judgment was in favor of the defendants solely because of the fact found, that the taking there complained of, and there found to have occurred, was of flood waters and did not prevent this flow of the natural water of the stream down the creek and into plaintiff's canal. For these reasons the former judgment is not an adjudication of the injury here complained of, nor is it an adjudication of rights which prevents a complaint of the injury here alleged. The theory of the court below seems to have been that because the same reservoir is there and because the water is taken out by defendant at the same place as found upon the former trial, that there can be no other cause of action arising from another taking at a different time and after the rendition of the former judgment. That we think is a fallacy. The former judgment was rendered upon a disclaimer by the defendant of all right or claim to the natural flow of the creek and upon a finding that the former diversion from the reservoir did not decrease the natural flow of the stream as it had been accustomed to flow. It merely determined that the defendant was entitled to take water from that reservoir so long as its taking did not diminish the natural flow of the stream in its bed below. For these reasons we think the court below erred in its order sustaining the demurrer.

The judgment is reversed.

Hearing in Bank denied.